Case 4:13-cv-00950-A Document 24 Filed 01/22/14 Page 1 of 6

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 2 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELL HELICOPTER TEXTRON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-950-A |
| | § | |
| ALCOA, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed in the above-captioned action by intervenor-plaintiff, Sunrise Helicopters, Inc. ("Sunrise"). Defendant Alcoa, Inc., filed a response, and Sunrise filed a reply. Having considered the motion, the response, the reply, the notice of removal, and applicable legal authorities, the court concludes that the motion to remand should be denied.

I.

Background

Plaintiff, Bell Helicopter Textron, Inc. ("Bell"), initiated this action by filing its original petition in the District Court of Tarrant County, Texas, 342nd Judicial District, as Cause No. 342-268989-13, naming as defendants Alcoa, Inc., Alcoa Korea, Ltd., Alcoa Forging and Extrusions a/k/a Alcoa Investment

Castings, Forgings and Extrusions, and Dooray Air Metal Co., Ltd. Sunrise intervened in the state court action under Rule 60 of the Texas Rules of Civil Procedure. Defendant Alcoa, Inc. ("Alcoa") then removed the action, alleging that this court has subject matter jurisdiction under 28 U.S.C. § 1332 because of complete diversity of citizenship between plaintiff and defendants, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. Sunrise urges remand on the grounds that diversity jurisdiction does not exist because there are aliens on both sides of the action.[1]

II.

Basic Principles

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action

---

[1] The court notes that although Alcoa did not list Sunrise as a plaintiff in its notice of removal, Alcoa does not contest that Sunrise is a proper party under Rule 60 of the Texas Rules of Civil Procedure. Alcoa does state that it was not served with Sunrise's intervention complaint, however such complaint was included in the state court documents attached to its notice of removal.

2

properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between--(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . .; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." For subject matter jurisdiction based on diversity of citizenship, diversity must be complete. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

### III.

---

[2] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
(emphasis added).

III.

Analysis

Sunrise argues that Alcoa has failed to establish diversity jurisdiction because Sunrise, an intervenor-plaintiff, is a Canadian corporation with its principal place of business in Ontario and defendants Alcoa Korea, Ltd., and Dooray Air Metal Co., Ltd., are South Korean corporations with their principal places of business in Seoul, South Korea. Alcoa contends that under 28 U.S.C. § 1332(a)(3), Sunrise's citizenship does not affect jurisdiction because there is complete diversity between Bell and Alcoa, who are both United States citizens.

Although the existence of aliens on both sides of a dispute destroys diversity jurisdiction under 28 U.S.C. § 1332(a)(2), the same is not true for jurisdiction under § 1332(a)(3). Leland v. De Havilland Aircraft Co. of Canada, Ltd., No. 92-2670, 1993 WL 67203, at *2 (5th Cir. Feb. 26, 1993) (citing Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1297-98 (9th Cir. 1985); Goar v. Compania Peruana de Vapores, 688 F.2d 417, 420 n.6 (5th Cir. 1982) ("Section 1332(a)(3) may also have the effect of retaining federal jurisdiction when there is complete diversity between United States citizens involved in the action but there are foreign subjects among the parties on both sides."); 13B C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3604 at 390 (1984)). Rather, under subsection (a)(3), the

presence of alien parties on both sides of an action does not defeat jurisdiction so long as there is complete diversity between the United States citizens and a legitimate controversy between those citizens. Transure, Inc., 766 F.2d at 1297-99; see also Goar, 688 F.2d at 420 n.6. The court notes that none of the Fifth Circuit cases cited by Sunrise involved the situation arising under § 1332(a)(3), which is complete diversity between United States citizens on both sides of the action. See Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 296-99 (5th Cir. 2010); Kuehne & Nagel (AG & Co) v. Geosource, Inc., 874 F.2d 283, 290-91 (5th Cir. 1989); Panalpina Welttransport GmBh v. Geosource, Inc., 764 F.2d 352, 355 (5th Cir. 1985); Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1151, 1151 n.1 (5th Cir. 1985); Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp., 506 F.2d 757, 757-758 (5th Cir. 1975). Because Bell is a citizen of Delaware and Texas and Alcoa is a citizen of Pennsylvania and New York, there is complete diversity between the United States citizens on each side of this action. Accordingly, this court has subject matter jurisdiction over the action under 28 U.S.C. § 1332(a)(3).[3]

---

[3] The court notes that the parties do not dispute that the amount in controversy exceeds $75,000, exclusive of interests and costs.

5

Therefore,

The court ORDERS that Sunrise's motion to remand be, and is hereby, denied.

SIGNED January 22, 2014.

_____
JOHN McBRYDE
United States District Judge